(Reap. Dec. 9601)

JOHN S. CONNOR *v.* UNITED STATES

Entry No. 1219.

(Decided February 19, 1960)

*Laporte & Meyers* for the plaintiff.

*George Cochran Doub,* Assistant Attorney General, for the defendant.

RICHARDSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

WHEREAS, entry was made by erroneously adding certain charges to the invoiced values instead of deducting said charges,

IT IS HEREBY STIPULATED, subject to the approval of the Court that at the time of exportation of the bicycles involved, such or similar bicycles were not freely offered for sale for home consumption in the country of exportation or for export to the United States or in the United States as defined in Section 402 (c), (d) and (e) of the Tariff Act of 1930;

That the cost of production of the involved bicycles as defined in Section 402(f) of the Tariff Act of 1930 is the unit invoiced value plus packing as invoiced of all items other than the item marked (x) in red ink by the appraiser; and as to that item so marked, the cost of production is the unit invoiced value plus lamps at 19 shillings, English currency, less 3¾% plus 2½% applicable only to the lamps, plus packing as invoiced.

IT IS FURTHER STIPULATED AND AGREED that this case be submitted for decision on the above stipulation.

Upon the agreed facts, I find and hold that cost of production, as that value is defined in 19 U.S.C.A. section 1402(f) (section 402(f) of the Tariff Act of 1930), is the proper basis of value for the merchandise in issue and that said value is the unit invoiced value, plus packing, as invoiced, of all items other than the item marked (x) in red ink by the appraiser; and as to that item so marked, the cost of production is the unit invoiced value, plus lamps, at 19 shillings, English currency, less 3¾%, plus 2½%, applicable only to the lamps, plus packing, as invoiced.

Judgment will be entered accordingly.